# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **LOLA GUTHRIE,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:09-cv-19(HL) |
| **DOLGENCORP, INC., DOLGENCORP OF NEW YORK, INC., DOLGENCORP OF TEXAS, INC., and DOLLAR GENERAL PARTNERS,** | : | |
| Defendants. | : | |

## ORDER

Plaintiff, Lola Guthrie, was one of approximately 2500 plaintiffs identified in a Fair Labor Standards Act case brought against the Dollar General stores and filed in the United States District Court for the Northern District of Alabama. <u>Gray v. Dolgencorp, Inc.</u>, Case No. 7:06-cv-01538-LSC.[1]  The district court in Alabama granted, in part, the defendants' motion for severance and separate trials and ordered that the cases of some of the plaintiffs be transferred to each plaintiff's "home district." As a result of that order, the complaint, as amended, that was filed in the Northern District of Alabama has now been docketed in this Court in the name of Plaintiff Guthrie.

---

[1] According to records in the case, the claims at issue here were originally brought as a collective action under the Fair Labor Standards Act in <u>Brown v. Dolgencorp, Inc.</u>, Case No. 7:02-cv-673-UWC, in the Northern District of Alabama.  After the collective action was decertified, the plaintiffs refiled their claims as a single action in Case No. 7:06-cv-01538-LSC.

    Review of the complaint, as amended, reveals that, because it was originally filed on behalf of five other plaintiffs who were residing in Alabama, it fails to provide information specific to Plaintiff Guthrie. For example, the complaint fails to state Guthrie's residence, or show how venue is proper in this Court. It also fails to identify the Dollar General store where she worked, or the dates that she worked, or the dates on which she bases her Fair Labor Standards Act claim. Additionally, there are four defendants identified in the complaint; the complaint fails to identify what wrongful conduct taken against plaintiff can be attributed to each defendant. As a result of these shortcomings, the Court is of the opinion that plaintiff must amend her complaint to demonstrate that venue is proper in this Court, and to more properly identify her claims and the parties against whom they are made, so that the issues may be properly framed and the proper parties to this proceeding may be identified. *See generally* Byrne v. Nezhat, 261 F.3d 1075 (11th Cir. 2001) (encouraging district courts to take control of the pleadings early in the case). Plaintiff shall file her amended complaint not later than 20 days from the date of entry of this order.

    **SO ORDERED**, this the 23rd day of January, 2009.

                                            *s/ Hugh Lawson*
                                            **HUGH LAWSON, Judge**

mls